IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Criminal Action No. 5:09CR7-01

LONNIE ANTHONY SMITH,
a/k/a TIMMY,

      Defendant.

**REPORT AND RECOMMENDATION THAT MOTION TO SUPPRESS PHOTO IDENTIFICATION BE DENIED, DECLINING TO RULE ON MOTION TO SUPPRESS TESTIMONY REGARDING FIREARMS, AND MOTION TO SUPPRESS DOCUMENTATION PERTAINING TO PEN REGISTER BE DENIED AS MOOT**

I. Introduction

A. Background

Defendant is one of three defendants in a superceding indictment charging him in Count One with conspiracy to distribute in excess of one kilogram of heroin, in Count Two with interstate travel to promote a heroin business enterprise, and in Count Three with use of a telephone to facilitate distribution of heroin. Defendant is not charged in Counts Four, Five, Six or Seven. There is a forfeiture allegation that seeks forfeiture of $5,000, $795, and $1,500 in currency, a travel trailer, a money judgment of $500,000 and 27 firearms.

B. The Motions

1. Motion to Suppress Photo Identification.[1]

2. Motion to Suppress Testimony Regarding Firearms.[2]

---

[1] Doc. No. 152.

[2] Doc. No. 153.

3. Motion to Suppress Documentation Pertaining to Pen Register.[3]

C. Recommendations

1. It is recommended the Motion to Suppress Photo Identification be **DENIED** because while showing only one photograph under some circumstances may be impermissibly suggestive, the identification in these cases was nevertheless reliable.

2. No recommendation is made on the Motion to Suppress testimony regarding firearms because it is a question of evidence for the Trial Court.

3. It is recommended the Motion to Suppress documentation pertaining to pen register be **DENIED AS MOOT**.

II. Facts

There was no testimony or other evidence presented. It is important to note that it appears defendant had no direct connection to 26 of the 27 firearms in the forfeiture indictment.

III. Motion to Suppress Photo Identification

A. Contention of the Parties

Defendant contends that any pre-trial identification of him by the nine witnesses listed in the motion and any other witnesses in the same category must be suppressed because in every case the witness was only shown one photograph and asked if it were "Timmy". Defendant contends such an identification is, per se, impermissibly suggestive and must be suppressed. Defendant also contends the identifications were made when the witnesses were under duress such as after arrest, while being questioned about their criminal activity or under the influence of illegal drugs.

---

[3] Doc. No. 154.

The Government contends that all the witnesses who will be called to testify at trial against this defendant had dealt with this defendant over long periods of time, sometimes hundreds of separate occasions, before they were interviewed. Therefore, the identification of this defendant was derived not from the display of the single photograph, but rather from personal knowledge of the defendant.

B. Discussion

Since there was no evidence at the hearing, the Court has difficulty finding facts sufficient to form a basis for a legal conclusion. It is defendant's burden to prove the basis for his motion. For purposes of this recommendation, the Court will accept defendant's contention that in every instance, the witness was shown only one photograph and asked if it were "Timmy". This would seem to be impermissibly suggestive on its face. The Court will accept the Government's contention that in every instance the witness had prior dealings with the defendant, sometimes huge numbers of dealings, which was a basis for an independent identification of defendant.

With those assumptions, the Court can only conclude that the witnesses had numerous opportunities to observe defendant; the witnesses' degree of attention over a long period of time was focused because of personal dealings with defendant; the witnesses' accuracy would be high because of many observations; the witnesses' certainty was high and most importantly, because the dealings were numerous and over time the length of time between meetings with defendant and identification of defendant has little significance. Therefore, under the analysis in United States v. Johnson, 114 F.3d 435, 441-42 (4th Cir. 1997), it would appear the identifications were reliable except for Mr. Lundsford who did not identify defendant.

C. Recommendation

It is recommended the Motion to Suppress photo identification be **DENIED** because while showing only one photograph under some circumstances may be impermissibly suggestive, the identification in these cases was nevertheless reliable.

IV. Motion to Suppress Testimony Regarding Firearms

A. Contentions of the Parties

Defendant contends, similar to his claims in the Motion to Sever, that the Government has shown no connection between defendant and the firearm counts and the firearm forfeitures, except for firearm 27. Defendant says the firearms do not relate to any charge against him, have no evidentiary or probative value, will be prejudicial, will confuse the issues and mislead the jury. Therefore, under Fed. R. Evid. 401, 402, and 403, this testimony must be excluded.

The Government contends that the firearms are central to the conspiracy count because the co-defendants traded heroin for firearms which relates to the drug distribution conspiracy headed by this defendant.

B. Discussion

This is an evidentiary question for the Trial Court.

C. Recommendation

Ruling **DECLINED**.

V. Motion to Suppress Documentation Pertaining to Pen Register

At the motion hearing, counsel for defendant advised the Court that subsequent to the filing of the motion, the Government provided the information sought and the motion is moot.

It is recommended that the Motion to Suppress Documentation Pertaining to Pen Register be **<u>DENIED AS MOOT</u>**.

Because trial is imminent, any party who appears pro se and any counsel of record, as applicable, may, within seven (7) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 28, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE