IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR7-01
                                      (STAMP)
LONNIE ANTHONY SMITH,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION TO
SUPPRESS PHOTO IDENTIFICATION,
DENYING DEFENDANT'S MOTION TO SUPPRESS
TESTIMONY REGARDING FIREARMS AND
DENYING AS MOOT DEFENDANT'S MOTION TO SUPPRESS
DOCUMENTATION PERTAINING TO PEN REGISTER**

I.  Overview

Currently pending before the Court and ripe for review are three suppression motions by the defendant[1] and the report of the magistrate judge setting forth his recommended disposition of those motions. For the reasons that follow, the magistrate judge's report and recommendation will be affirmed and adopted in its entirety, the defendant's motion to suppress photo identification will be denied, the defendant's motion to suppress testimony regarding firearms will be denied, and the defendant's motion to suppress documentation pertaining to the pen register will be denied as moot.

---

[1]The defendant's three suppression motions include a motion to suppress photo identification, a motion to suppress testimony regarding firearms, and a motion to suppress documentation pertaining to the pen register.

## II. Facts and Procedural History

The defendant is named in three counts of a seven-count superseding indictment in which he charged with one count of conspiracy to distribute in excess of one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); one count of interstate travel to promote a heroin business enterprise, in violation of 18 U.S.C. § 1952(a)(3) (Count Two); and one count of using a telephone to facilitate the distribution of heroin, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1) (Count Three). The superseding indictment also contains a forfeiture allegation seeking forfeiture of, among other items, the firearm allegedly seized from the defendant's vehicle on February 9, 2009.

This matter was referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b). Magistrate Judge Seibert entered a report recommending that the motion to suppress photo identification and the motion to suppress documentation of the pen register be denied and declining to make a recommendation concerning the motion to suppress testimony regarding firearms. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report.

After entry of the report and recommendation, and before objections to it were due, the defendant's then-counsel filed a motion for leave to withdraw. That motion was granted, and the defendant's substitute counsel was given an extension of time

within which to file objections.  To date, no objections have been filed.

## III.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Here, the defendant has filed no objections.  Accordingly, this Court reviews for clear error the magistrate judge's findings and recommendations concerning the motion to suppress photo identification and the motion to suppress documentation pertaining to the pen register.  However, because the magistrate judge properly found the motion to suppress testimony regarding firearms to be an evidentiary question reserved to this Court, and therefore declined to make any recommendation pertaining to that motion, this Court conducts a de novo review of the parties' contentions and relevant law with respect to the motion to suppress testimony concerning firearms, as well as other firearms the Government contends are implicated by the conspiracy charge.

## IV.  Discussion

A.  Motion to Suppress Photo Identification

The defendant argues that the identification testimony the Government intends to introduce must be suppressed because the

3

Government presented only one photograph to witnesses during its investigation of the crimes alleged in the superseding indictment. The defendant claims that the use of the single photograph was unduly suggestive and that the identifications are therefore unreliable.

The admissibility of identification testimony depends upon whether the initial identification was impermissibly suggestive and, if so, whether the identification is nevertheless reliable. See Manson v. Brathwaite, 432 U.S. 98, 112-14 (1977). To determine the reliability of an identification, courts are to consider five factors: (1) the opportunity the witness had at the time of the crime to observe the perpetrator; (2) the degree of attention the witness paid at the time the crime was committed; (3) the accuracy of the witness's prior description of the perpetrator; (4) the degree of certainty with which the witness identifies the defendant as the perpetrator at the time of the identification; and (5) the length of time between the commission of the offense and the identification. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

The United States Court of Appeals has adopted a "totality of circumstances" standard for determining reliability, stating that trial courts are to determine whether "the identification is sufficiently reliable to preclude the substantial likelihood of misidentification." United States v. Johnson, 114 F.3d 435 (4th Cir. 1997). Moreover, the Fourth Circuit has held that a witness's prior dealings with a defendant may suffice to establish an

independent basis for identification. See United States v. Morley, 64 F.3d 907, 917 (4th Cir. 1995).

Here, the magistrate judge found that although the use of a single photograph, on its face, would appear to be impermissibly suggestive, the witnesses each had prior personal dealings with the defendant, thereby constituting an independent basis for identification of the defendant. The magistrate judge further determined that in each instance, the identification was reliable under the analysis in Johnson because of the numerous personal dealings the witnesses had with the defendant. Specifically, the magistrate judge found that the witnesses had numerous opportunities to observe the defendant over time; that their attention was focused on the defendant; that the accuracy and certainty of their identifications were high; and, most importantly, that the length of time between their meetings with the defendant and their identification of him was of little significance in light of the frequency of their dealings with him over time. Thus, the magistrate judge concluded that the witness identifications of the defendant are admissible because under the circumstances of this case, the Government's presentation of a single photograph resulting was not unduly suggestive but even if it was, the identifications are nevertheless reliable.

The findings and conclusions of the magistrate judge are not clearly erroneous. Accordingly, the defendant's motion to suppress photo identification will be denied.

B.  <u>Motion to Suppress Testimony Regarding Firearms</u>

The defendant asks this Court to suppress the testimony the Government intends to introduce concerning firearms. The defendant argues that his alleged ownership or possession of a firearm is not an element for any offense with which he is charged in the superseding indictment. He further contends that any testimony concerning the firearms listed in the forfeiture allegation or concerning the firearm that was allegedly seized from his vehicle on February 9, 2009 has no evidentiary or probative value, is irrelevant to any trial issues pertaining to him, would be highly prejudicial, would confuse the issues, and would mislead the jury.[2]

In response, the Government argues that the Fourth Circuit has consistently recognized that firearms are "tools of the trade" in activities relating to the distribution of illegal narcotics. <u>See, e.g.</u>, <u>United States v. Ward</u>, 171 F.3d 188, 195 (4th Cir. 1999) ("Guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia."). Because the defendant in this action has been charged with multiple counts relating to the distribution of heroin, the Government maintains that the testimony relating to firearms should not be suppressed, as it is relevant to and probative of elements of the offenses with which he is charged. This Court agrees.

---

[2]This court notes that this action will no longer be tried to a jury. Upon the defendant's motion, and his execution of a written waiver of his right to a jury trial, the jury trial in this action has been converted to a bench trial.

6

The Federal Rules of Evidence provide that as a general matter, all relevant evidence is admissible. See Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact . . . of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" or by other considerations not pertinent here. Fed. R. Evid. 403.

In this case, as noted above, the defendant has been charged in Count One of the superseding indictment with conspiracy to possess with intent to distribute in excess of one kilogram of heroin, in Count Two with travel in interstate commerce to conduct a heroin distribution business enterprise, and in Count Three with use of a telephone to facilitate the distribution of heroin. Additionally, the forfeiture allegation of superseding indictment seeks forfeiture of the firearm seized from the defendant's vehicle on February 9, 2009, as well as other firearms that the Government contends were related to the conspiracy count. In light of the Fourth Circuit's recognition that firearms may be indicia of drug dealing, this Court finds, on de novo review, that the testimony regarding firearms is relevant to and probative of the narcotics offenses with which the defendant is charged. Moreover, the defendant has failed to demonstrate how the admission of testimony

relating to the firearms will unfairly prejudice him or confuse the issues,[3] let alone how the probative value of the evidence is substantially outweighed by the danger of unfair prejudice of confusion of the issues. Accordingly, the motion to suppress testimony concerning firearms will be denied.

C.  Motion to Suppress Documentation Pertaining to Pen Register

At the pretrial motion hearing held by the magistrate judge, counsel for the defendant informed the magistrate judge that the issues raised in the motion to suppress documentation pertaining to the pen register had been resolved. The magistrate judge therefore recommending denying the motion as moot. This Court finds no clear error in the magistrate judge's recommendation. Accordingly, this motion will be denied as moot.

V.  Conclusion

After reviewing for clear error the magistrate judge's recommendations concerning the defendant's motion to suppress photo identification and the defendant's motion to suppress documentation pertaining to the pen register, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to suppress photo identification is DENIED, and the defendant's motion to suppress documentation concerning the pen register is DENIED AS MOOT. Additionally, based upon a de novo review of the matters asserted

---

[3]As noted above, this case will be tried to the Court rather than to a jury. Therefore, the defendant's argument concerning jury confusion is no longer applicable and will not be addressed.

therein, the defendant's motion to suppress testimony concerning firearms is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    August 12, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE