IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LONNIE ANTHONY SMITH,

    Petitioner,

v.                                  Civil Action No. 5:13CV63
                                 (Criminal Action No. 5:09CR7-01)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION AND
OVERRULING PETITIONER'S OBJECTIONS**

The petitioner, Lonnie Anthony Smith ("Smith"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge Robert W. Trumble. The magistrate judge issued a report recommending that this Court deny the motion. Smith filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the motion, and overrules Smith's objections.

I. Background

After a bench trial, Smith was convicted of conspiracy to distribute over one kilogram of heroin, interstate travel in aid of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

heroin racketeering, and use of a telephone to facilitate the distribution of heroin. This Court sentenced Smith to 262 months of imprisonment. Smith appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.

Smith then filed this motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence on the ground of ineffective assistance of counsel. Specifically, Smith argues: (1) that his counsel was ineffective for failing to present evidence and argument at a pretrial suppression hearing; (2) that counsel was ineffective in failing to challenge the government's evidence at trial through cross-examination and in failing to present evidence to show that Smith was not engaged in the charged conspiracy; (3) that counsel was ineffective in failing to challenge the government's evidence and present evidence to show that Smith did not cause an informant to travel across state lines; (4) that counsel failed to challenge an allegedly improper calculation of the range of imprisonment under the United States Sentencing Guideline; and (5) that counsel was ineffective in not challenging this Court's findings of fact regarding application of sentencing enhancements. Magistrate Judge Trumble issued a report recommending that this Court deny Smith's motion because Smith failed to demonstrate that his counsel was ineffective or that

Smith was prejudiced by any ineffective assistance. Smith timely filed objections to the report and recommendation.

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his motion, Smith alleges that his counsel was ineffective in various ways. The magistrate judge concluded that Smith failed to demonstrate that his counsel's performance was deficient or that any deficient performance prejudiced Smith's defense. Smith objects to each of these conclusions and represents that he knows of evidence substantiating his claims but has been unable to obtain affidavits or other proof that the evidence exists.

A. Ineffective Assistance of Counsel

"[A] movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient[,] and (2) that the deficiency prejudiced his defense." <u>United States v. Basham</u>, 789 F.3d 358, 371 (4th Cir. 2015) (citing <u>Strickland v. Washington</u>, 466

U.S. 668, 687 (1984)). Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

First, Smith argues that his counsel provided ineffective representation at the pretrial suppression hearing because he failed to present evidence and argument. Magistrate Judge Trumble concluded that at the suppression hearing Smith's counsel cross-examined witnesses and argued that the use of a single photograph of Smith for eyewitness identification was impermissibly suggestive and unreliable. Smith does not point out any additional evidence or arguments that his counsel should have presented. The fact that

4

Smith's counsel was unsuccessful in having the evidence suppressed is not sufficient to demonstrate ineffective assistance.

Second, Smith argues that his counsel was ineffective in failing to challenge the government's evidence at trial and by failing to present evidence that Smith was not engaged in the full scope of the charged conspiracy. However, Smith's counsel cross-examined the government's witnesses and challenged their credibility. Further, Smith does not identify any specific evidence that his counsel failed to present. Even if Smith's counsel failed to present some evidence, without showing what that evidence would have been, Smith cannot show that its presentation would be "sufficient to undermine confidence in the outcome" of his trial. Id. (internal quotation marks omitted).

Third, Smith argues that his counsel was ineffective in defense against the interstate travel charge because he failed to present evidence that Smith did not cause a confidential informant to travel. The government presented a recorded phone call between Smith and the confidential informant demonstrating that Smith assented when the informant asked if he should travel interstate in furtherance of their heroin distribution scheme. Smith's counsel challenged the informant's credibility based on his status as a confidential informant and based on his incentives for cooperating with the government. Thus, Smith's counsel performed according to prevailing professional norms.

5

Fourth, Smith argues that his counsel was ineffective in not challenging the calculation of the range of imprisonment under the United States Sentencing Guidelines. However, Smith's counsel made several objections to the presentence report, including challenges to whether the government proved there was over one kilogram of heroin involved, to the inclusion of a criminal history point for a prior juvenile conviction, and to the inclusion of an enhancement for reckless endangerment. These objections were overruled by this Court, and the applicable guideline range was properly calculated. Thus, Smith's counsel did not fail to challenge the calculation under the sentencing guidelines.

Fifth, Smith argues that under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), only a jury may find facts necessary for imposing a sentencing enhancement, and that Smith's counsel was ineffective in not challenging this Court's findings of fact regarding his sentencing. The magistrate judge concluded that Alleyne and Apprendi do not apply here because Smith waived his right to trial by jury and requested a bench trial. Because this Court held a bench trial, this Court made all the requisite findings regarding applicable sentencing enhancements. Smith objects to this conclusion, arguing that he was unaware of Alleyne and Apprendi at the time of his trial, that had he known of the precedent he would not have waived his right to trial by jury, and that his waiver was

therefore unknowing and involuntary. However, Alleyne does not apply retroactively to Smith's conviction and sentence. Butterworth v. United States, 775 F.3d 459, 465-66 (1st Cir. 2015); United States v. Olvera, 775 F.3d 726, 730-31 (5th Cir. 2015); Crayton v. United States, 799 F.3d 623, 624-25 (7th Cir. 2015); United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014); Rogers v. United States, 561 F. App'x 440, 443-44 (6th Cir. 2014); Hughes v. United States, 770 F.3d 814, 818-19 (9th Cir. 2014); United States v. Richards, 567 F. App'x 591, 593 (10th Cir. 2014); Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014). Similarly, Apprendi does not apply here because its holding serves as a mechanism for enforcing the Sixth Amendment right to a jury trial, see Apprendi, 530 U.S. at 490 (concluding that the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury"), and Smith waived his right to a jury trial.

Further, Smith has failed to demonstrate that his being unaware of how Apprendi might have affected his potential sentence after conviction resulted in a waiver that was not knowing and voluntary. "The Sixth Amendment requires that the waiver [of a jury trial] be knowing, voluntary, and intelligent." United States v. Boynes, 515 F.3d 284, 286-87 (4th Cir. 2008) (citing Patton v. United States, 281 U.S. 276, 312-13 (1930)). With the assistance of counsel, Smith filed a motion for a bench trial, the government

7

consented to Smith's request, Smith signed a written waiver of his right to a jury trial, and this Court, after holding a hearing on Smith's motion, granted his motion finding that his waiver was knowing and voluntary. See ECF No. 246, 261, 262; Boynes, 515 F.3d at 286-87 (concluding that where the defendant and his counsel filed a written motion for a bench trial and the government consents, the Court need not question the defendant about his waiver before accepting it). Thus, Smith's waiver of his Sixth Amendment right to a jury trial was knowing and voluntary, and Smith fails to demonstrate that his counsel's performance was deficient or that he was prejudiced by any deficiency.

B.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Smith fails to made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable

jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). This Court concludes that reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Smith is DENIED a certificate of appealability by this district court. Smith may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF Nos. 17/550) is AFFIRMED AND ADOPTED. Accordingly, Jones's motion (ECF Nos. 1/509, 5/514, 521) is DENIED, and his objections (ECF Nos. 555, 556) are OVERRULED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 2, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE